IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANDREW J. WOLF, ) | |
| ) | Case No. CV-04-21-C-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM** |
| v. ) | **DECISION AND ORDER** |
| ) | |
| THOMAS J. BEAUCLAIR, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Pending before the Court in this civil rights action are the IDOC Defendants' Motion to Dismiss Claims for Injunctive and Declaratory Relief (Docket No. 75) and Second Motion to Amend/Correct Scheduling Order (Docket No. 80). Having considered the record in this case, as well as the written arguments of the parties, the Court finds oral argument unnecessary and enters the following Order granting the Motions.

## MOTION TO DISMISS

Plaintiff's Third Amended Complaint ("Complaint") (Docket No. 65) is at issue. In the Complaint, Plaintiff asserts various causes of actions arising from his incarceration by the Idaho Department of Correction (IDOC). Primarily, he asserts that Defendants interfered with his access to courts and retaliated against him for

**Memorandum Decision and Order - 1**

helping other inmates with their legal issues.  Plaintiff has requested that the Court grant monetary, injunctive, and declaratory relief.  Plaintiff is now on parole.

Defendants assert that Plaintiff's injunctive relief and declaratory relief requests are moot.  The Court agrees.  For injunctive relief, Plaintiff requests that the Court

> [e]nter a permanent injunction requiring Defendants to provide qualified assistance to access to the courts, and to provide a room to be designated for Plaintiff and other offenders' use for meeting and giving and/or receiving assistance from each other to present, proper legal pleading in presenting their fundamental constitutional claims to the court[; and]
>
> [e]nter a permanent injunction requiring defendants to provide an individual who can provide qualified assistance to access the courts.

*Third Amended Complaint*, at p. 99, ¶¶ 6&7 (Docket No. 65).  Plaintiff's declaratory relief requests correspond to his claims for injunctive and monetary damages.  *See id.*, at pp. 98-100.

In *McQuillon v. Schwarzenegger*, 369 F.3d 1091 (9th Cir. 2004), the Court explained the mootness doctrine relative to requests for injunctive and declaratory relief:

> "A case becomes moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *See Porter v. Jones*, 319 F.3d 483, 489 (9th Cir. 2003) (quoting *Clark v. City of Lakewood*, 259 F.3d 996, 1011 (9th Cir. 2001)).  McQuillon's release extinguishes his legal interest in an

**Memorandum Decision and Order - 2**

> injunction because it would have no effect on him.  *See Bernhardt [v. County of Los Angeles]*, 279 F.3d 862, 871 (9th Cir. 2002).
>
> Similarly, although in some instances declaratory relief may exist after injunctive relief becomes moot, *see, e.g., Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 122 (1974), McQuillon's claim for declaratory relief also cannot proceed.  A judicial pronouncement, as it would relate to McQuillon, would be an advisory opinion, which the Constitution prohibits.  *See* U.S. Const. art. III; *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).  Moreover, considered in conjunction with his claim for damages, declaratory judgment without the possibility of prospective effect would be superfluous.  *See Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997).[1]

*Id*. at 1095.

Because Plaintiff is on parole, he is not entitled to the injunctive or declaratory relief requested.  Ordering the prison to provide Plaintiff with a room or legal assistance would not afford Plaintiff any relief because he is no longer imprisoned.  That he might violate parole and become imprisoned again is too speculative to warrant relief.

Dismissal of the injunctive and declaratory relief requests is also in harmony with the Prison Litigation Reform Act (PLRA).  Title 18 U.S.C. § 3626 limits the

---

[1] In *Green*, the court explained:
Since [plaintiff] is no longer a prisoner within the control of the ODC, the entry of a declaratory judgment in Green's favor would amount to nothing more than a declaration that he was wronged, and would have no effect on the defendants' behavior towards him.
108 F.3d at 1300.

**Memorandum Decision and Order - 3**

type of prospective relief available in prison conditions lawsuits brought under 42 U.S.C. § 1983.  Under that section, the term "prospective relief" is defined as "all relief other than compensatory monetary damages." 18 U.S.C. § 3626(g)(7). Particularly, 18 U.S.C. § 3626(a)(1)(A) limits such relief as follows:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

In this instance, no prospective relief of the type requested by Plaintiff is necessary to protect his constitutional rights.  Further, Plaintiff cannot request relief for other inmates.

Plaintiff's request is also too speculative to warrant relief.  The Ninth Circuit has held that a plaintiff may not be awarded injunctive relief relative to a facility where he is no longer incarcerated if there is no reasonable expectation that he will be housed there again in the near future.  *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1990).  Similarly, United States Supreme Court precedent holds that relief is speculative when it depends upon the plaintiff violating the law in the future.

In *Los Angeles v. Lyons*, 461 U.S. 95 (1983), the plaintiff alleged that his

**Memorandum Decision and Order - 4**

civil rights were violated when police officers used a chokehold on him during arrest; plaintiff's complaint requested injunctive relief barring the use of chokeholds during future arrests except in extraordinary circumstances. The *Lyons* Court rejected plaintiff's assertion of entitlement to equitable relief, explaining its earlier similar ruling in *O'Shea v. Littleton*, 414 U.S. 488 (1974):

> "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Id*., at 495-96. Past wrongs were evidence bearing on "whether there is a real and immediate threat of repeated injury." *Id*., at 496. But the prospect of future injury rested "on the likelihood that [plaintiffs] will again be arrested for and charged with violations of the criminal law and will again be subjected to bond proceedings, trial, or sentencing before petitioners." *Ibid*. The most that could be said for plaintiffs' standing was "that if [plaintiffs] proceed to violate an unchallenged law and if they are charged, held to answer, and tried in any proceedings before petitioners, they will be subjected to the discriminatory practices that petitioners are alleged to have followed." *Id*., at 497. We could not find a case or controversy in those circumstances: the threat to the plaintiffs was not "sufficiently real and immediate to show an existing controversy simply because they anticipate violating lawful criminal statutes and being tried for their offenses. . . ." *Id.*, at 496. It was to be assumed "that [plaintiffs] will conduct their activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct said to be followed by petitioners." *Id*. at 497.

*Lyons*, 461 U.S. at 102-03.

The reasoning of *Lyons* is applicable here. The Court can assume that Plaintiff will conduct his activities within the law and avoid being sent back to

**Memorandum Decision and Order - 5**

prison for a parole violation.  Similarly, Plaintiff's assertions that parole officials may impose unreasonable parole conditions that may "cause" his future return to prison are speculative.  Should that occur, Plaintiff may file a separate action.  The Court will not entertain any new claims in this action.

The Court also concludes that the possibility of reincarceration for a plaintiff on parole does not meet the narrow "capable of repetition yet evading review" exception to the mootness doctrine.  In *Cole v. Oroville Union High Sch. Dist.,* 228 F.3d 1092 (9th Cir. 2000), *cert. denied,* 532 U.S. 905 (2001), the court explained: "[t]he 'capable of repetition, yet evading review' exception to mootness applies only when (1) the challenged action is too short in duration to be fully litigated before cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Id*. at 871-72 (internal citation omitted).  Here, the policies of which Plaintiff complains are long-standing in nature and may be challenged by another inmate who is aggrieved by those policies.  And, as discussed above, there is no reasonable expectation that Plaintiff will violate parole and return to the same incarceration facility.  *See also McAlpine v. Thompson,* 187 F.3d 1213 (10th Cir. 1999); *White v. Colorado*, 82 F.3d 364 (10th Cir. 1996).

**Memorandum Decision and Order - 6**

### MOTION TO AMEND/CORRECTION PRETRIAL SCHEDULE

Good cause appearing, the Court shall grant Defendants' Second Motion to Amend/Correct Scheduling Order (Docket No. 80). A revised pretrial schedule follows. The parties are advised that because of the age of the case, the Court will not hereafter consider further revisions to the schedule.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Injunctive and Declaratory Relief Requests (Docket No. 75) is GRANTED. Plaintiff's claims for monetary damages remain.

IT IS FURTHER HEREBY ORDERED that Defendants' Motion to Amend/Correct Scheduling Order (Docket No. 80) is GRANTED.

IT IS FURTHER HEREBY ORDERED that the following pretrial schedule shall govern this case:

A.  **Completion of Discovery:** All discovery shall be completed on or before **January 31, 2006.** Discovery requests must be made far enough in advance to allow *completion* of the discovery in accordance with the applicable federal rules *prior* to this discovery cut-off date.

B.  **Dispositive Motions:** All motions for summary judgment and other potentially dispositive motions shall be filed with accompanying briefs on or

**Memorandum Decision and Order - 7**

before **April 7, 2006.**  Responsive briefs to such motions shall be filed within thirty (30) days after service of motions.  Reply briefs, if any, shall be filed within fourteen (14) days after service of responses.  All motions, responses and replies shall conform to Rule 7.1 of the Local Rules for the District of Idaho.  **Neither party shall file supplemental responses, replies, affidavits, or other filings not authorized by the Local Rules without prior leave of Court.  The parties shall not exceed the page limits set forth in the Local Rules.  The parties shall not attach exhibits to their filings that are already contained in the Court's record, but shall incorporate such items by reference only.**

DATED:  **October 28, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 8**